1 | Ruben T. Varela
2 | 2249 Camino Del Sol
  | Fullerton, California 92833
3 | (714)864-0150
  | Plaintiff in Pro Per

FILED
2012 APR 27 PM 2:42
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY: _____



ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ruben T. Varela,**<br><br>Plaintiff,<br><br>vs.<br><br>**PATENAUDE & FELIX, A PROFESSIONAL CORPORATION; MICHAEL R. BOULANGER; CAPITAL ONE BANK (U.S.A.), NATIONAL ASSOCIATION; CAPITAL ONE SERVICES, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC,**<br><br>Defendants | Case No.: SACV12-00543 AG(MLGx)<br><br>**FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 15(a)(1)(A)**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.;**<br><br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL.CIV. CODE § 1788 ET SEQ.;**<br><br>3. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

COMES NOW the plaintiff, **Ruben T. Varela** ("Plaintiff"), and for his First Amended Complaint against PATENAUDE & FELIX, A PROFESSIONAL

- 1 -
First Amended Complaint – SACV12-00543

CORPORATION; MICHAEL R. BOULANGER, CAPITAL ONE BANK (U.S.A.), NATIONAL ASSOCIATION; CAPITAL ONE SERVICES, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION, LLC (collectively "Defendants", unless otherwise specified herein) states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for the willful and knowing violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C § 1692 *et seq.*; for damages for the willful and knowing violations of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code ("Cal.Civ. Code") § 1788 *et seq.*; and for damages for the willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.*

## JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692k and 15 U.S.C § 1681p. The court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper pursuant to 28 U.S.C § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff, Ruben T. Varela ("Plaintiff"), was and remains:
   
   **(a)** A natural person, and an individual; **(b)** domiciled in the city of Fullerton, state of California, county of Orange, and; **(c)** a "consumer" as defined by the FDCPA and FCRA, respectively, and; **(d)** a "debtor" as defined by the RFDCPA.

5. Plaintiff is informed and believes, and based upon that information and belief, alleges that Defendant PATENAUDE & FELIX, A.P.C. ("P&F") was and remains, at all times mentioned herein:

> **(a)** A corporation organized under the laws of and registered to do business in California, with its principal place of business being located in 4545 Murphy Canyon Road, 3rd Floor, San Diego, California, 92123; and **(b)** a "person" as that term is defined under the FCRA 15 U.S.C. § 1681a(c) and RFDCPA Cal.Civ. Code § 1788.2(b); and **(c)** a "user" of consumer credit and other financial information, as that term is contemplated under the FCRA; and **(d)** a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6) and RFDCPA Cal.Civ. Code § 1788.2(c).

6. Plaintiff is informed and believes, and based upon that information and belief, alleges that Defendant Michael R. Boulanger ("Boulanger") was and remains, at all times mentioned herein:

> **(a)** A natural person and an individual; and **(b)** a "debt collector" as that term is defined under the FDCPA 15 U.S.C. § 1692a(6).

7. Plaintiff is informed and believes, and based upon that information and belief, alleges that Defendant CAPITAL ONE BANK (U.S.A.), N.A. ("Capital One Bank") was and remains, at all times mentioned herein:

> **(a)** An unknown business entity, regularly conducting business in California, and that has a registered agent within California located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833; **(b)** a "furnisher of information" as that term is defined and contemplated under the FCRA.

8. Plaintiff is informed and believes, and based upon that information and belief, alleges that Defendant CAPITAL ONE SERVICES, LLC ("Capital One") was and remains, at all times mentioned herein:

> **(a)** A limited liability corporation, organized under the laws of and registered to do business in California, with an address listed as 1680 Capital One Drive, city of McLean, state of Virginia, 22102, and; **(b)** a "furnisher of information" as that term is defined and contemplated under the FCRA.

9. Plaintiff is informed and believes, and based upon that information and belief, alleges that Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax") was and remains, at all times mentioned herein:

> **(a)** A limited liability corporation, organized under the laws of the state of Georgia, and registered to do business in California, with an address of 1550 Peachtree Street NW, Atlanta, Georgia, 30309, and; **(b)** a "consumer reporting agency" as that term is defined under the FCRA.

10. Plaintiff is informed and believes, and based upon that information and belief, alleges that Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") was and remains, at all times mentioned herein:

> **(a)** A corporation, organized under the laws of the state of Ohio, and registered to do business in California, with an address of 475 Anton Boulevard, Costa Mesa, California, 92626, and; **(b)** a "consumer reporting agency" as that term is defined under the FCRA.

11. Plaintiff is informed and believes, and based upon that information and belief, alleges that Defendant TRANS UNION, LLC ("Trans Union") was and remains, at all times mentioned herein:

(a) A limited liability corporation, organized under the laws of the state of Delaware, and registered to do business in California, with an address of 555 W. Adams Street, Chicago, Illinois, 60661, and; **(b)** a "consumer reporting agency" as that term is defined under the FCRA.

12. All conditions precedent to the bringing of this action have been performed, waived or excused.

## STATEMENT OF FACTS

13. Plaintiff restates and reiterates herein all previous paragraphs.

### A. Allegations Applicable to All Counts

14. On or about February 2, 2011, Plaintiff obtained a copy of his consumer report from each of the three major consumer reporting agencies - Equifax, Experian, and Trans Union (hereinafter, collectively the "CRA Defendants", unless otherwise specified herein).

15. In reviewing his consumer reports, Plaintiff noticed information regarding a debt, or a "trade line", in the "Public Records" section of all three reports indicating a judgment entered against Plaintiff on February 9, 2009, in favor of Capital One Bank, in the amount of $1,266.00 (the "judgment debt").

16. Prior to February, 2011, Plaintiff denies ever being notified in any manner by Capital One and/or Capital One Bank (hereinafter, collectively the "Judgment Creditors", unless otherwise specified herein), P&F and/or Boulanger regarding entry of any judgment against Plaintiff.

17. Plaintiff denies ever receiving any copy of a judgment against Plaintiff from any Defendant.

18. On or about April 27, 2011, Plaintiff sent to each CRA Defendant, via certified mail, a letter with a statement disputing the alleged judgment debt.

///

- 5 -
First Amended Complaint – SACV12-00543

## B. P&F and Boulanger Engage in Harassment and Abusive Collection Tactics

19. During the month of February, 2011, after reviewing his consumer reports, Plaintiff contacted Judgment Creditors and was advised by the customer service representative to contact P&F regarding the alleged judgment debt.

20. On or about April 8, 2011, Plaintiff contacted P&F by phone, requested a statement of account, and provided his post office mailbox address for delivery.

21. During the April 8th phone call, P&F did not provide Plaintiff with lawful oral debt validation notice, pursuant to 15 U.S.C. §1692g(a) *et seq.*

22. P&F sent an unsigned letter dated April 11, 2011 to Plaintiff, attempting to collect an alleged debt owed to its "Client", "CAPITAL ONE BANK", and referencing a "Judgment Balance Due" in the amount of $1,992.41, even though the amount of alleged judgment debt was entered on Plaintiff's consumer reports as $1,266.00. The letter reads in relevant part:

> ***"Our Client has instructed us*** *to make contact with you to inform you of a limited settlement opportunity regarding your outstanding balance."*
> ***(Emphasis*** *added.)*

23. P&F's initial collection letter failed to disclose that the communication was an attempt to collect a debt and that any information obtained will be used for that purpose.

24. P&F's initial collection letter failed to provide lawful debt validation notice.

25. P&F had an affirmative duty to provide Plaintiff with written debt validation notice within five days after its initial collection letter of April 11, 2011, but failed to do so, thereby rendering the alleged debt moot.

26. During the month of May, 2011, Plaintiff reviewed his Trans Union consumer report and discovered that on February 7, 2011, Defendant P&F had

requested and acquired Plaintiff's Trans Union consumer report, thereby reducing Plaintiff's credit score.

27. Plaintiff also reviewed his Experian consumer report and discovered that on March 10, 2011, Defendant P&F had requested and acquired Plaintiff's Experian consumer report.

28. Plaintiff sent a letter dated May 10, 2011, via certified mail, to P&F disputing the alleged judgment debt and requesting debt validation pursuant to the FDCPA.

29. In response, P&F and Boulanger sent Plaintiff a second collection letter dated May 11, 2011, which reads in relevant part:

> *"Your request for validation is too late as it is well past the statutory time provided. But **our Client has instructed us** to make contact with you to inform you of a limited settlement opportunity regarding your outstanding balance…For a brief period, **our Client has authorized this office** to discount a substantial portion of your obligation…"* (**Emphasis** added.)

30. Instead of lawfully validating the alleged judgment debt, by simply providing Plaintiff with any copy of a legally binding judgment against Plaintiff, or otherwise ceasing collection activities, P&F and Boulanger, and each of them, intentionally engaged in trickery and oppressive means in an attempt to mislead Plaintiff into paying an alleged debt.

31. Without validating the alleged debt, P&F and Boulanger continued collection activities in May, June, and July, 2011, by calling a phone number belonging to Plaintiff's parents.

32. Plaintiff sent a letter via certified mail dated July 8, 2011 to P&F and Boulanger, requesting that they cease bothering Plaintiff's parents by attempting to contact Plaintiff at his parents' phone number.

33. P&F and Boulanger sent Plaintiff a third collection letter, dated July 11, 2011, attempting to validate the alleged judgment debt by including copies of

unsubstantiated credit card statements, instead of *any copy of a judgment* against Plaintiff.

34. P&F and Boulanger sent Plaintiff a fourth collection letter, dated July 15, 2011, which, out of nowhere, included the false assertion that Plaintiff had "represented" to P&F and Boulanger that Plaintiff was a victim of identity theft or fraud. P&F and Boulanger's fourth collection letter reads in relevant part:

> *"You represent to our office that the above-referenced debt from a revolving charge account with CAPITAL ONE BANK was not incurred by yourself or anyone authorized by you…Please return the Affidavit along with the police report as soon as possible. If we do not hear from you, we will presume the debt is valid and will continue with our collection efforts."* (Emphasis added.)

35. P&F and Boulanger's fourth collection letter, while nonsensical, provides clear and convincing evidence as to the lengths to which P&F and Boulanger will intentionally and repeatedly engage in deceptive, misleading, oppressive, and unlawful means in an attempt to collect an alleged debt from Plaintiff, or other consumers similarly situated.

36. P&F and Boulanger notified Plaintiff in a letter dated July 18, 2011, that they would voluntarily cease collection activities of the alleged debt. However, P&F and Boulanger's letter continued to falsely assert that Plaintiff claimed to be a victim of identity theft or fraud. The letter reads in relevant part:

> *"We are writing to you regarding your claim that you are not responsible for the debt in question because you are a victim of identity theft."*

37. As of today's date, P&F has failed to validate the alleged debt for which P&F requested and obtained Plaintiff's consumer report from both Trans Union and Experian, and therefore P&F requested and obtained Plaintiff's consumer reports in connection with the collection of a <u>non-existent</u> <u>debt</u>, for which P&F did

not have a lawful purpose, and as a result, P&F violated the FCRA, separately, for each inquiry into Plaintiff's Trans Union and Experian consumer report.

38. Plaintiff alleges that P&F knowingly and willfully violated the provisions of the FDCPA, RFDCPA, and FCRA, and that Boulanger knowingly and willfully violated the provisions of the FDCPA, and that each of them also acted with fraud, oppression and malice towards Plaintiff.

39. P&F and Boulanger, and each of them, intentionally engaged in unlawful conduct that was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized community, therefore justifying the award of exemplary punitive damages, as a deterrent to their future commission of such unlawful conduct, as described herein.

### C. Violations of the FCRA by Judgment Creditors

40. Judgment Creditors had an affirmative duty to instruct the major consumer reporting agencies to delete the erroneous and inaccurate "trade line" for the alleged judgment debt from Plaintiff's consumer reports beginning in May, 2011, when Judgment Creditors knew or had reasonable cause to believe that such information was inaccurate, but failed to instruct Equifax for over four months, and have failed to instruct Trans Union and Experian for over 10 months.

41. Judgment Creditors had an affirmative duty to inform notice of dispute to the major consumer reporting agencies, beginning in June, 2011, after being notified of Plaintiff's dispute through the consumer reporting agency reinvestigation process, and by Plaintiff's dispute through P&F and Boulanger (Notice to agent is notice to principal.), but failed to notify Equifax for over four months, and have failed to notify Trans Union and Experian for over 10 months.

42. Judgment Creditors sent Plaintiff a letter dated July 16, 2011, informing that they had voluntarily requested the major consumer reporting agencies to delete

the "trade line" for the alleged judgment debt. However, in the letter, the Judgment Creditors inexplicably repeat the same false assertion as P&F and Boulanger – asserting that Plaintiff claimed to be a victim of identity theft or fraud, with respect to the underlying debt of alleged judgment against Plaintiff! The July 16th letter reads in relevant part:

> *"Thank you for contacting us about the account referenced above.* ***We investigated your fraud claim and determined it to be valid.*** *A request was submitted to the following credit reporting agencies to delete the trade line on your credit file."* **(Emphasis added.)**

43. Judgment Creditor's July 16th letter, in repeating what they <u>know</u> to be the same utterly false "identity theft/fraud" assertion as P&F and Boulanger, provides clear and convincing evidence as to the level of communication and collaboration between P&F, Boulanger, and Judgment Creditors at all times pertinent hereto.

44. Plaintiff alleges that the Judgment Creditors knowingly and willfully violated the provisions of the FCRA, and also acted with fraud, oppression and malice towards Plaintiff.

45. Moreover, the Judgment Creditors deliberately have inefficient procedures for correcting their debt collection files. For example, the Judgment Creditors are amazingly efficient at reporting derogatory marks and putting them out for collection, but painfully inefficient at removing them, because they know that a certain number of consumers would rather pay than fight, even if the debt is not actually owed.

46. The Judgment Creditors' unlawful conduct, in collaboration with P&F and Boulanger, was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, to be regarded as atrocious, and utterly intolerable in a civilized community, therefore justifying the award of exemplary

punitive damages, as a deterrent to their future commission of such unlawful conduct, as described herein.

### D. Violations of the FCRA by CRA Defendants

47. CRA Defendants, and each of them, had an affirmative duty to provide clear notification to Plaintiff's consumer report that Plaintiff disputed the alleged judgment debt, beginning in June, 2011, after each received Plaintiff's letter with statement of dispute, however each of them failed to provide such dispute notice, and therefore the CRA Defendants, and each of them, violated the FCRA, 15 U.S.C. § 1681i(c) for each month thereafter that the "trade line" for the alleged judgment debt remained on Plaintiff's consumer report without any notice of dispute.

48. Plaintiff alleges that CRA Defendants, and each of them, willfully violated the provisions of the FCRA, as alleged herein. Specifically, CRA Defendants intentionally ignored their statutory obligation to provide clear notification to Plaintiff's consumer report that Plaintiff disputed the alleged judgment debt, because they have no economic incentive, whatsoever, to serve the interests of consumers. Thus, the CRA Defendants intentionally prioritize their time, resources, and compliance or non-compliance with their statutory obligations in order to <u>maximize profit margins</u> and best <u>serve the interests of their clientele</u>, which are creditors, collection agencies and other users – and <u>not consumers</u>.

### E. Plaintiff Has Suffered Actual Damages

49. As a proximate result of each of the Defendants' unlawful practices, conduct, actions, and/or omissions, as described herein, Plaintiff has suffered, and continues to suffer actual damages, including but not limited to a reduction in his credit score, denial of credit, loss of opportunities to engage in commerce, loss of privacy, and loss of reputation and standing in the community, and Plaintiff has

suffered, and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, frustration, mental anguish and emotional distress.

## CLAIM I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 *et seq.*, BY DEFENDANTS PATENAUDE & FELIX, A.P.C. and MICHAEL R. BOULANGER

50. Plaintiff restates and reiterates herein all previous paragraphs.

51. Defendant P&F and Boulanger violated the FDCPA. P&F and Boulanger's violations include, but are not limited to, the following:

(a) Defendant P&F violated 15 U.S.C. §1692e(11), by failing to provide Plaintiff with notice in an initial communication, in connection with the collection of any debt, that the communication was an attempt to collect a debt and that any information obtained would be used for that purpose.

(b) Defendants P&F and Boulanger, and each of them, violated 15 U.S.C. § 1692e(2), by falsely representing the character, amount or legal status of any debt.

(c) Defendants P&F and Boulanger, and each of them, violated 15 U.S.C. § 1692e, by the use of false, deceptive, or misleading representation or means in connection with the collection of any debt.

(d) P&F and Boulanger, and each of them, violated 15 U.S.C. § 1692g(a) *et seq.*, by failing to provide Plaintiff with any lawful debt validation notice within five days from its initial communication with Plaintiff, in connection with the collection of the alleged debt.

(e) Defendant P&F and Boulanger, and each of them, violated 15 U.S.C § 1692f, by the use of unfair or unconscionable means to collect or attempt to collect any debt.

(f) Defendant P&F and Boulanger, and each of them, violated 15 U.S.C § 1692g(b), by their failure to cease collection of an alleged debt, until

verification of the debt or any copy of a judgment was obtained by P&F and/or Boulanger, and sent to Plaintiff by mail.

## CLAIM II

## VIOLATIONS OF THE RFDCPA Cal.Civ. Code § 1788 *et seq.*, BY DEFENDANT PATENAUDE & FELIX, A.P.C.

52. Plaintiff restates and reiterates herein all previous paragraphs.

53. Defendant P&F willfully and intentionally violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant P&F violated Cal.Civ. Code § 1788.17, by violating those provisions of the FDCPA, 15 U.S.C. § 1692e(11).

(b) Defendant P&F violated Cal.Civ. Code § 1788.17, by violating those provisions of the FDCPA, 15 U.S.C. § 1692e(2).

(c) Defendant P&F violated Cal.Civ. Code § 1788.17, by violating those provisions of the FDCPA, 15 U.S.C. § 1692e.

(d) Defendant P&F violated Cal.Civ. Code § 1788.17, by violating those provisions of the FDCPA, 15 U.S.C. § 1692g(a) *et seq*.

(e) Defendant P&F violated Cal.Civ. Code § 1788.17, by violating those provisions of the FDCPA, 15 U.S.C § 1692f.

(f) Defendant P&F violated Cal.Civ. Code § 1788.17, by violating those provisions of the FDCPA, 15 U.S.C § 1692g(b).

## CLAIM III

## VIOLATIONS OF THE FCRA 15 U.S.C. § 1681b *et seq.*, WILLFULL NON-COMPLIANCE BY DEFENDANTS PATENAUDE & FELIX, A.P.C., CAPITAL ONE, CAPITAL ONE BANK, EQUIFAX, EXPERIAN, AND TRANS UNION

54. Plaintiff restates and reiterates herein all previous paragraphs.

55. Defendants P&F, Judgment Creditors, and CRA Defendants, and each of them, willfully[1] violated the FCRA. Defendants P&F, Judgment Creditors, and CRA Defendants' violations include, but are not limited to, the following:

(a) Defendant P&F willfully violated 5 U.S.C. § 1681b(f), by requesting and obtaining Plaintiff's Trans Union consumer report without a lawful purpose, in connection with the collection of a non-existent debt.

(b) Defendant P&F willfully violated 5 U.S.C. § 1681b(f), by requesting and obtaining Plaintiff's Experian consumer report without a lawful purpose, in connection with the collection of a non-existent debt.

(c) Judgment Creditors, and each of them, willfully violated 15 U.S.C. § 1681s-2(a)(3), by failing, for over 10 months, to inform notice of dispute of the alleged judgment debt to consumer reporting agencies Equifax, Experian, and Trans Union.

(d) Judgment Creditors, and each of them, willfully violated 15 U.S.C. § 1681s-2(a)(1)(A), by failing to remove erroneous and inaccurate information from Plaintiff's consumer reports, and continuously furnishing erroneous and inaccurate information by updating Plaintiff's Equifax consumer report for over 4 months, and updating Plaintiff's Trans Union and Experian consumer reports for over 10 months.

(e) Equifax willfully violated 15 U.S.C. § 1681i(c), by failing for over four months to clearly note on Plaintiff's consumer report that Plaintiff disputed the alleged judgment debt.

---

[1] See *Safeco Insurance Co. of American v. Burr*, 127 S. Ct. 2201 (2007) – "Where willfulness is a statutory condition of civil liability, it is generally taken to cover not only knowing violations of a standard, but reckless ones as well… The standard civil usage thus counsels reading § 1681n(a)'s phrase "willfully fails to comply" as reaching reckless FCRA violations…"

(f) Experian and Trans Union, and each of them, willfully violated 15 U.S.C. §1681i(c), by failing for over ten months to clearly note on Plaintiff's consumer report that Plaintiff disputed the alleged judgment debt.

(g) Equifax willfully violated 15 U.S.C. §1681s-2, by failing for over four months, in the furnishing of credit information of Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report.

(h) Experian and Trans Union, and each of them, willfully violated 15 U.S.C. §1681s-2, by failing for over ten months, in the furnishing of credit information of Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report.

## CLAIM IV

**VIOLATIONS OF THE FCRA 15 U.S.C. § 1681b *et seq.*, NEGLIGENT NON-COMPLIANCE BY DEFENDANT PATENAUDE & FELIX, A.P.C., CAPITAL ONE, CAPITAL ONE BANK, EQUIFAX, EXPERIAN, AND TRANS UNION**

56. Plaintiff restates and reiterates herein all previous paragraphs.

57. Defendants P&F, Judgment Creditors, and CRA Defendants, and each of them, negligently violated the FCRA. Defendants P&F, Judgment Creditors, and CRA Defendants' violations include, but are not limited to, the following:

(a) Defendant P&F negligently violated the FCRA, 15 U.S.C. §1681b(f), by requesting and obtaining Plaintiff's Trans Union consumer report without a lawful purpose, in connection with the collection of a non-existent debt.

(b) Defendant P&F negligently violated the FCRA, 15 U.S.C. §1681b(f), by requesting and obtaining Plaintiff's Experian consumer report without a lawful purpose, in connection with the collection of a non-existent debt.

(c) Judgment Creditors, and each of them, negligently violated the FCRA 15 U.S.C. §1681s-2(a)(3), by failing, for over 10 months, to inform notice of dispute of the alleged judgment debt to consumer reporting agencies Equifax, Experian, and Trans Union.

(d) Judgment Creditors, and each of them, negligently violated the FCRA 15 U.S.C. §1681s-2(a)(1)(A), by failing to remove erroneous and inaccurate information from Plaintiff's consumer reports, and continuously furnishing erroneous and inaccurate information by updating Plaintiff's Equifax consumer report for over 4 months, and updating Plaintiff's Trans Union and Experian consumer reports for over 10 months..

(e) Equifax negligently violated the FCRA, 15 U.S.C. §1681i(c), by failing for over 4 months to clearly note on Plaintiff's consumer report, that Plaintiff disputed the alleged judgment debt.

(f) Experian and Trans Union, and each of them, negligently violated the FCRA, 15 U.S.C. §1681i(c), by failing for over 10 months to clearly note on Plaintiff's consumer report, that Plaintiff disputed the alleged judgment debt.

(g) Equifax negligently violated 15 U.S.C. §1681s-2, by failing for over four months, in the furnishing of credit information of Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report.

(h) Experian and Trans Union, and each of them, negligently violated 15 U.S.C. §1681s-2, by failing for over ten months, in the furnishing of

credit information of Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report.

## REQUEST FOR RELIEF

58. WHEREFORE, Defendant P&F violated the FDCPA, and California's RFDCPA, and the FCRA, and Defendant Boulanger violated the FDCPA, and Judgment Creditors and CRA Defendants violated the FCRA, Plaintiff hereby requests:

(a) Judgment for damages against P&F for the greater of statutory damages or actual damages in the amount of $100,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1692k;

(b) Judgment for damages against P&F for the greater of statutory damages or actual damages in the amount of $100,000.00, attorneys fees and costs, pursuant to Cal. Civil Code §1788.17, and Cal. Civil Code §1788.30(b);

(c) Judgment for damages against P&F for the greater of statutory damages or actual damages in the amount of $100,000.00, and punitive damages in the amount of $250,000.00, as a deterrent to P&F's future commission of such unlawful conduct, as described herein, attorneys fees and costs, pursuant to 15 U.S.C. §1681n;

(d) Judgment for damages against P&F for the greater of statutory damages or actual damages in the amount of $100,000.00, attorneys fees and costs, pursuant to 15 U.S.C. §1681o;

(e) Judgment for damages against Boulanger for the greater of statutory damages or actual damages in the amount of $25,000.00, attorney's fees and costs, pursuant to 15 U.S.C. §1692k;

(f) Judgment for damages against Capital One and/or Capital One Bank for the greater of statutory damages or actual damages in the amount of

$100,000.00, and punitive damages in the amount of $250,000.00, as a deterrent to Capital One and/or Capital One Bank's future commission of such unlawful conduct, as described herein, attorneys fees and costs, pursuant to 15 U.S.C. §1681n;

(g) Judgment for damages against Capital One and/or Capital One Bank for the greater of statutory damages or actual damages in the amount of $100,000.00, attorneys fees and costs, pursuant to 15 U.S.C. §1681o;

(h) Judgment for damages against Equifax for the greater of statutory damages or actual damages in the amount of $50,000.00, and punitive damages in the amount of $150,000.00, as a deterrent to Equifax's future commission of such unlawful conduct, as described herein, attorneys fees and costs, pursuant to 15 U.S.C. §1681n;

(i) Judgment for damages against Equifax for the greater of statutory damages or actual damages in the amount of $50,000.00, attorneys fees and costs, pursuant to 15 U.S.C. §1681o;

(j) Judgment for damages against Experian, and Trans Union, and each of them, for the greater of statutory damages or actual damages in the amount of $150,000.00, and punitive damages in the amount of $450,000.00, as a deterrent to Experian and Trans Union's future commission of such unlawful conduct, as described herein, attorneys fees and costs, pursuant to 15 U.S.C. §1681n;

(k) Judgment for damages against Experian, and Trans Union, and each of them, for the greater of statutory damages or actual damages in the amount of $150,000.00, attorneys fees and costs, pursuant to 15 U.S.C. §1681o;

(l) Any further relief which the Court may deem appropriate.

///

## **DEMAND FOR JURY TRIAL**

59. Plaintiff hereby requests a jury trial on all the issues raised in this complaint.

Dated: <u>April 27, 2012</u>

By: _____
Ruben T. Varela
*Plaintiff in Pro Per*